**WELFARE FINANCE CORPORATION, Plaintiff-Appellant, v. SWEARINGEN et, Defendants-Appellees.**

Ohio Appeals, Second District, Greene County.

No. 163. Decided October 15, 1955.

Richard L. Davis, Hillsboro, for plaintiff-appellant.
Wead & Aultman, Xenia, for defendants-appellees.

(CONN, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By HORNBECK, J.

The appeal on questions of law is briefed on the merits by counsel for the parties. But, at the out-set, we find a motion by appellees that the appeal be dismissed for the reason that the Bill of Exceptions does not furnish the Court of Appeals with the necessary information to pass upon the question presented by the plaintiff-appellant.

What purports to be a Bill of Exceptions is in the files. It sets out certain of the proceedings, a request of plaintiff that the Court submit a special finding to the jury; an objection; motion sustained; exception by plaintiff. Also the charge of the Court to the jury in its entirety; exceptions thereto by plaintiff.

The purported Bill of Exceptions is not signed, settled or allowed by the trial judge. He makes the following notation at the end of the Bill, over his signature:

"I have not signed the bill of exceptions because it does not contain the testimony on which the Court based its ruling in refusing the request of plaintiff as set out on page 2 hereof."

Appellant assigns two errors. 1—Error in the general charge. 2—The refusal of the Court to submit request of plaintiff for special finding to the jury.

Manifestly, neither of these errors can be reached without the charge or the request and refusal of the trial judge to submit the special finding to the jury. As there is no Bill of Exceptions, the basis of the errors assigned is not exemplified and we may not consider them.

The appeal will not be dismissed but the judgment will be affirmed.

MILLER, PJ, CONN, J, concur.

**WELFARE FINANCE CORPORATION, Plaintiff-Appellant, v. SWEARINGEN et, Defendants-Appellees.**

No. 563.   Decided December 13, 1955.

374

## OPINION

By HORNBECK, J.

Appellant moves for leave to file a full and complete Bill of Exceptions in the cause herein.

We have heretofore held that a partial transcript of testimony which had not been signed by the trial judge settling it as a Bill of Exceptions could not exemplify the errors sought to be assigned. At the end of the transcript of testimony which was presented to the trial judge, he made this notation:

"I have not signed this Bill of Exceptions because it does not contain the testimony on which the court based its ruling in refusing the request of plaintiff as set out on Page 2, hereof," "Dated, July 9, 1955."

Signed, "F. L. Johnson, Judge, Common Pleas Court, Greene County, Ohio."

The only authority this court has respecting an addition to or modification of a Bill of Exceptions is set forth in §2321.14 R. C. It provides:

"When justice requires it, upon notice to all parties, an omission in the bill of exceptions occuring through accident or error may be corrected by the reviewing court, or it may be remanded to the trial court for such correction."

Manifestly, this statute may not be given application to the facts here because,

1. The motion desires the court to order a full Bill of Exceptions The trial judge only may settle and allow such a bill. No Bill of Exceptions has been settled and allowed and therefore, there is no basis for correction.

2. If there were a partial Bill of Exceptions, this court could only correct omissions in the bill ocurring through accident or error. It is obvious that counsel was put on notice by the trial judge that the bill was not complete and therefore, we could not say that the omission occurred through accident or error.

We have no authority to grant the leave which is requested by the motion.

It will be overruled.

MILLER, PJ, concurs.
WISEMAN, J, not participating.